UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE MITCHELL, Derivatively on Behalf of Nominal Defendant BROADWIND ENERGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID P. REILAND, *et al.*, <br><br> Defendants, <br><br> and <br><br> BROADWIND ENERGY, INC., <br><br> Nominal Defendant. | **Case No. 11-CV-01059** |

**UNOPPOSED MOTION TO REASSIGN RELATED DERIVATIVE ACTIONS**

## I. INTRODUCTION

Plaintiff Bonnie Mitchell ("Ms. Mitchell") plaintiff in the above-captioned action (the "*Mitchell* Action"), respectfully submits this motion pursuant to Local Rule 40.4 of the Northern District of Illinois to reassign to this Court the related pending shareholder derivate actions captioned *Friedman v. Drecoll, et al.*, No. 11-cv-01313 (the "*Friedman* Action") and *Hopf v. Duprey, et al.*, No. 11-cv-01519 (the "*Hopf* Action"). The parties in each of the three actions consent to this motion and agree that the *Friedman* and *Hopf* Actions should be reassigned to the Honorable Robert Gettleman.

## II. BACKGROUND

Broadwind Energy, Inc. ("Broadwind" or the "Company") is a Delaware corporation with its principal place of business in Naperville, Illinois that manufactures wind energy products such as structural towers and gearing systems for wind turbines and provides technical, engineering and logistics management services to the United States' wind energy industry. The first-filed shareholder derivative complaint on behalf of Broadwind, the *Mitchell* Action,[1] was filed on February 15, 2011 and assigned to the Honorable Robert Gettleman. The second-filed derivative complaint, the *Friedman* Action,[2] was filed on or around February 24, 2011 and assigned to the Honorable Edmond Chang. The third-filed derivative complaint, the *Hopf* Action,[3] was filed on or around March 3, 2011 and assigned to the Honorable Joan Humphrey Lefkow.[4]

---

[1] The *Mitchell* complaint is attached hereto as Exhibit A.

[2] The *Friedman* complaint is attached hereto as Exhibit B.

[3] The *Hopf* complaint is attached hereto as Exhibit C.

[4] The *Hopf* Action was originally assigned to the Honorable Blanche M. Manning. On March 22, 2011 an order was signed by the Executive Committee transferring the case to the Honorable Joan Humphrey Lefkow. *See* March 22, 2011 order attached hereto as Exhibit D.

All three derivative actions arise out of similar alleged transactions and occurrences and involve similar alleged issues of fact and law.[5] Because the criteria under Local Rule 40.4 are satisfied, as discussed below, and the parties in the three actions consent to the reassignment, the Court should grant Ms. Mitchell's unopposed motion to reassign the *Friedman* and the *Hopf* Actions to the Honorable Robert Gettleman.

### III. REASSIGNMENT OF THE *FRIEDMAN* AND *HOPF* ACTIONS IS PROPER

Local Rule 40.4 provides for reassignment of related cases, thereby "promot[ing] efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common." *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00 C 4623, 2008 U.S. Dist. LEXIS 33296, at *6 (N.D. Ill. Apr. 23, 2008). Reassignment is appropriate where the requirements of Local Rule 40.4(a) and (b) are satisfied. *See River Vill. West LLC v. Peoples Gas Light & Coke Co.*, No. 05 C 2103, 2007 U.S. Dist. LEXIS 98507, at *3 (N.D. Ill. Feb. 14, 2007).

Local Rule 40.4(a) provides that civil cases are related where one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same. Local Rule 40.4(a) "does not require complete identity of issues in order for cases to be considered related." *Murry v. America's Mortg. Banc, Inc.*, No. 03 C 5811, 2004 U.S. Dist. LEXIS 3148, at *6 (N.D. Ill. Feb. 27, 2004).

Local Rule 40.4(b) further provides that a related action may be reassigned where each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both

---

[5] The actions assert similar, but not identical, causes of action. For example, only the *Hopf* Action asserts a cause of action under Section 14(a) for violation of the federal proxy laws.

cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

Here, the requirements of Local Rule 40.4(a) and (b) are easily met. The *Mitchell, Friedman,* and *Hopf* Actions allege, among other things, that the Defendants[6] and the Company's alleged former controlling shareholder wrongfully caused and allowed the Company to misrepresent its financial results by refusing to recognize significant necessary write-down of goodwill and intangibles in its RBA segment and then to undertake a secondary public offering of Broadwind stock on January 21, 2010 (the "Offering"), allegedly against the Company's best interests, which allegedly resulted in the Company's alleged former controlling shareholder (Tontine Partners, L.P. and related Tontine entities) and the Company's former Chief Executive Officer ("CEO") unfairly and unjustly receiving millions of dollars in illicit proceeds. All three actions seek, among other things, to recover for the Company the amount of damages it sustained as a result of the Defendants' alleged misconduct and disgorgement of the proceeds of the Offering. Accordingly, all of the derivative actions satisfy the conditions set forth in Local Rule 40.4(a) in that they involve the same property, involve many of the same issues of fact and law, and grow out of the same occurrence. Cases are clearly related under Local Rule 40.4(a) where, as here, "any resolution of both disputes will necessarily require a determination of the legality of the same [defendants'] actions...." *Murry*, 2004 U.S. Dist. LEXIS 3148, at *6.

---

[6] The *Mitchell* Action names as Individual Defendants: David P. Reiland, Charles H. Beynon, William T. Fejes, Jr., Terence P. Fox, James M. Lindstrom, and J. Cameron Drecoll. The Individual Defendants and Tontine Capital Partners, L.P., Tontine Capital Overseas Master Fund, L.P., Tontine Partners, L.P., Tontine Overseas Fund, Ltd., and Tontine 25 Overseas Master Fund, L.P. are collectively referred to as "Defendants." The *Friedman* Action and the *Hopf* Action both name Peter C. Duprey ("Duprey") as an additional Individual Defendant.

Furthermore, the requirements set forth in Local rule 40.4(b) are also satisfied. All three derivative cases are pending in the Northern District of Illinois Eastern Division. Due to the significant similarities between the cases, a substantial saving of judicial time and effort will result from having the same judge preside over the three related cases. *River Vill. West*, 2007 U.S. Dist. LEXIS 98507, at *4 ("[G]iven the similarities among the three cases, it is clear that substantial judicial resources will be saved if the matters are consolidated."); *Teacher's Ret. Sys. of La. v. Black*, No. 04 C 834, 2004 U.S. Dist. LEXIS 10259, at *7 (N.D. Ill. May 27, 2004) ("Where the cases are as closely related as these three, it conserves resources to have them all determined by a single judge.")

Moreover, the *Mitchell* Action has not progressed to the point where reassignment of the *Friedman* and *Hopf* Actions would result in substantial delay to the *Mitchell* Action, as all three cases have just been recently filed. *See, e.g., Teacher's Ret. Sys. of La.*, 2004 U.S. Dist. LEXIS 10259, at *7 (reassignment proper where "each of these cases is in its infancy" and thus the court could not "detect any substantial delays that would result from the reassignment"); *DBD Franchising, Inc. v. DeLaurentis*, No. 09 C 669, 2009 U.S. Dist. LEXIS 52890, at *20 (N.D. Ill. June 23, 2009) (Local Rule 40.4(b) is satisfied where "[b]oth cases are fairly recent cases, only having been filed in the last six months," no dispositive rulings have been issued, and because 'neither case has progressed past the motion to dismiss stage, "no discovery has been conducted and little judicial effort has been expended thus far."'); *Freeman v. Bogusiewicz*, No. 03 C 2908, 2004 U.S. Dist. LEXIS 15723, at *6 (N.D. Ill. Aug. 10, 2004) (motion for reassignment granted where both cases "are currently pending before separate judges in the United States District Court for the Northern District of Illinois," the "handling of both cases by one judge would save

- 5 -

valuable judicial resources as well as substantial litigation costs by all parties," and "both actions are in the early stages of proceedings.").

Moreover, because of the similarities between the three derivative actions, it is also clear that they are susceptible of disposition in a single proceeding. *See Freeman*, 2004 U.S. Dist. LEXIS 15723, at *7 ("The facts and issues in both cases are similar in nature and can be handled more efficiently in one proceeding. Accordingly, this court finds that the cases are susceptible of disposition in a single proceeding."); *Teacher's Ret. Sys. of La.*, 2004 U.S. Dist. LEXIS 10259, at *8 ("As these three cases are all securities class actions that originate from the same core of facts, it is clear that they are susceptible of disposition in a single proceeding."). Accordingly, because the requirements of Local Rule 40.4 are met, and no party opposes this motion, the Court should reassign the *Friedman* Action and the *Hopf* Action to the Honorable Robert Gettleman in the interest of promoting judicial economy.[7]

## IV. CONCLUSION

For the reasons set forth above, the Court should grant this unopposed motion and reassign the *Friedman* Action and the *Hopf* Action to the Honorable Robert Gettleman.

---

[7] Although Rule 40.4(c) provides that "[i]n order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved," the Rule has not been interpreted as precluding motions for reassignment prior to the filing of answers or motions in lieu of answer where all parties to all proceedings are given the opportunity to present their views on the motion for reassignment. *See Freeman*, 2004 U.S. Dist. LEXIS 15723, at **3-4. (concluding that a motion for reassignment was properly asserted where all parties were given the opportunity to respond, noting that the rule states only that the motion "should not *generally* be filed until after the answer or motions in lieu of answer have been filed") (emphasis added). Here, counsel for Ms. Mitchell has served all parties in the *Mitchell* Action, *Friedman* Action and *Hopf* Action with the exception of Tontine 25 Overseas Master Fund, LP, Tontine Overseas Fund, Ltd and Tontine Capital Overseas Master Fund, LP, who are expected to be served shortly and Duprey who is a defendant only in the *Friedman* and *Hopf* Actions. Sidley Austin LLP, counsel for the Company, has advised counsel for Ms. Mitchell that they will represent Duprey. All served parties have consented to the motion for reassignment, and it is expected that Schulte Roth & Zabel LLP, who represent defendants Tontine Capital Partners, LP and Tontine Partners, LP and have consented to the motion for reassignment, will also serve as counsel for defendants Tontine 25 Overseas Master Fund, LP, Tontine Overseas Fund, Ltd and Tontine Capital Overseas Master Fund, LP.

Dated: April 11, 2011

**LASKY & RIFKIND, LTD.**

/s/ Norman Rifkind
Leigh Lasky
Norman Rifkind
Amelia S. Newton
Heidi VonderHeide
351 W. Hubbard St.
Suite 401
Chicago, IL 60654
Tel: (312) 634-0057
Fax: (312) 634-0059

*Local Counsel for Plaintiff Bonnie Mitchell*

**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**
Eric L. Zagar
Robin Winchester
Ligaya T. Hernandez
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (267) 948-2512

*Counsel for Plaintiff Bonnie Mitchell*

# CERTIFICATE OF SERVICE

I, Norman Rifkind, one of Plaintiff Bonnie Mitchell's attorneys, hereby certify that on April 11, 2011, service of the foregoing Unopposed Motion to Reassign Related Derivative Actions and the Notice of Motion was accomplished pursuant to ECF as to Filing Users and in compliance with L.R. 5.5 as to any party who is not a Filing User or represented by a Filing User.


**VIA U.S. MAIL**
Tontine Capital Partners, L.P.
c/o Registered Agent
National Corporate Research Ltd.
615 South Dupont Highway
Dover, DE 19901

Tontine Partners, L.P
c/o Registered Agent
National Corporate Research Ltd.
615 South Dupont Highway
Dover, DE 19901

Tontine 25 Overseas Master Fund, L.P.
c/o Registered Agent
Citi Hedge Fund Services (Cayman), Ltd.
P.O. Box 10293, 5th Floor
Cayman Corporate Center
Cayman Islands

Tontine Overseas Fund, Ltd.
c/o Registered Agent
Citi Hedge Fund Services (Cayman), Ltd.
P.O. Box 10293, 5th Floor
Cayman Corporate Center
Cayman Islands

Tontine Capital Overseas Master Fund, L.P.
c/o Registered Agent
Walkers Corporate Services Limited
Walker House
87 Mary Street
George Town, Grand Cayman KY1-9005
Cayman Islands

/s/ Norman Rifkind
Norman Rifkind