UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE MITCHELL, derivatively on behalf of Nominal Defendant BROADWIND ENERGY, INC, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID P. REILAND; CHARLES H. BEYNON; WILLIAM T. FEJES, JR.; TERENCE P. FOX; JAMES M. LINDSTROM; J. CAMERON DRECOLL; TONTINE CAPITAL PARTNERS, L.P.; TONTINE CAPITAL OVERSEAS MASTER FUND, L.P.; TONTINE PARTNERS, L.P.; TONTINE OVERSEAS FUND, LTD.; and TONTINE 25 OVERSEAS MASTER FUND, L.P., <br><br> Defendants, <br><br> - and - <br><br> BROADWIND ENERGY, INC., <br><br> Nominal Defendant. | Civil Action No. 11 C 1059 <br><br> Honorable Robert W. Gettleman |

[Additional caption on the next page]

**DECLARATION OF ALBERT Y. CHANG
IN SUPPORT OF JEFFREY HOPF'S MOTION
TO (1) CONSOLIDATE RELATED ACTIONS; AND (2) APPOINT LEAD
PLAINTIFF, INTERIM LEAD COUNSEL, AND LIAISON COUNSEL**

| | |
|---|---|
| MICHAEL FRIEDMAN, derivatively on behalf of Nominal Defendant BROADWIND ENERGY, INC, <br><br> Plaintiff, <br><br> vs. <br><br> J. CAMERON DRECOLL; JAMES M. LINDSTROM; CHARLES H. BEYNON; WILLIAM T. FEJES, JR.; TERENCE P. FOX; DAVID P. REILAND; PETER C. DUPREY; TONTINE CAPITAL PARTNERS, L.P.; TONTINE CAPITAL OVERSEAS MASTER FUND, L.P.; TONTINE PARTNERS, L.P.; TONTINE OVERSEAS FUND, LTD.; and TONTINE 25 OVERSEAS MASTER FUND, L.P., <br><br> Defendants, <br><br> - and - <br><br> BROADWIND ENERGY, INC., <br><br> Nominal Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 11 C 1313 ) ) Honorable Robert W. Gettleman ) ) ) ) ) ) ) ) ) ) ) ) ) |

[Additional caption on the next page]

| | |
|---|---|
| JEFFREY HOPF, derivatively on behalf of Nominal Defendant BROADWIND ENERGY, INC, )<br>)<br>)<br>)<br>         Plaintiff, )<br>)<br>   vs. )<br>)<br>PETER C. DUPREY; DAVID P. REILAND; CHARLES H. BEYNON; WILLIAM T. FEJES, JR.; TERENCE P. FOX; JAMES M. LINDSTROM; J. CAMERON DRECOLL; TONTINE CAPITAL PARTNERS, L.P.; TONITE CAPITAL OVERSEAS MASTER FUND, L.P.; TONTINE PARTNERS, L.P.; TONTINE OVERSEAS FUND, LTD.; and TONTINE 25 OVERSEAS MASTER FUND, L.P., )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>         Defendants, )<br>)<br>   - and - )<br>)<br>BROADWIND ENERGY, INC., )<br>)<br>         Nominal Defendant. ) | Civil Action No. 11 C 1519<br><br>Honorable Robert W. Gettleman |

In accordance with 28 U.S.C. § 1746, I, Albert Y. Chang, declare as follows:

1. I am an attorney admitted to practice in this Court and am an associate with the law firm of Johnson Bottini, LLP, counsel for Plaintiff Jeffrey Hopf in *Hopf v. Duprey*, No. 11 C 1519 ("*Hopf*"). I submit this declaration in support of Mr. Hopf's Motion to (1) Consolidate Related Actions, and (2) Appoint Lead Plaintiff, Interim Lead Counsel, and Liaison Counsel.

2. I have personal knowledge of all statements in this declaration; I can testify to these statements, if called upon to do so.

## I. The Related Actions

3. Pending in this Court are the following three shareholder derivative actions against the officers and directors of Broadwind Energy, Inc., a manufacturer of wind energy products, arising from defendants' breaches of fiduciary duties occurring between March 2009 and the present: *Hopf*; *Friedman v. Drecoll*, No. 11 C 1313 ("*Friedman*"); and *Mitchell v. Reiland*, No. 11 C 1059 ("*Mitchell*").

4. The *Hopf* complaint alleges a federal proxy law claim and common law claims, including claims for breaches of fiduciary duties, arising from defendants' wrongful conduct in connection with Broadwind's delay in recognizing $82.2 million in impairment charges. The federal claim involves Broadwind's issuance of false and misleading proxy materials. Attached as Exhibit A is a true and correct copy of the *Hopf* complaint.

5. The *Friedman* and *Mitchell* complaints allege only common law claims arising from defendants' wrongful conduct in connection with

Broadwind's delay in recognizing the $82.2 million in impairment charges. Attached as Exhibit B is a true and correct copy of the *Friedman* complaint. Attached as Exhibit C is a true and correct copy of the *Mitchell* complaint.

6.  Based on telephone conversations with plaintiffs' counsel in *Mitchell* and *Friedman*, those plaintiffs own approximately 450 shares of Broadwind stock.

## II. Diligent and Continuous Efforts of Hopf's Counsel to Prosecute His Claims

7.  Before filing the *Hopf* complaint, Johnson Bottini conducted a thorough investigation concerning defendants' wrongful conduct. To that end, attorneys at Johnson Bottini reviewed Broadwind's filings with the Securities and Exchange Commission, Broadwind's press releases, analyst reports, and news articles.

8.  Since the filing of the *Hopf* complaint, Johnson Bottini has been actively monitoring the dockets of all related cases and various media sources.

## III. The Qualifications of Hopf's Counsel

9.  Specializing in shareholder derivative litigation, Johnson Bottini has been retained not only by shareholders but also by publicly-traded corporations to pursue former directors for breaches of fiduciary duties in a number of matters. Thus, Johnson Bottini has the unique experience of both pursuing such claims on a contingency fee basis and an hourly basis for boards of directors.

10. For example, in *Gladstone v. Reinhard,* Case No. 37-2008-00091039-CU-NP-CTL, in the Superior Court of California, County of San Diego,

Johnson Bottini was retained by the United States Chapter 7 bankruptcy trustee for Artes Medical, Inc. to pursue claims against officers and directors for breaches of fiduciary duties. International Real Estate, a public company with shares listed on the London Stock Exchange, retained Johnson Bottini to pursue claims for damages of approximately $20 million for breaches of fiduciary duties against former directors of a venture company. *International Real Estate PLC v. Oaktree Capital Management, LLC,* Case No. BC 324973 (Super. Ct. County of Los Angeles). Greenland Corporation, a publicly-traded company located in San Diego, retained Johnson Bottini to pursue claims for breaches of fiduciary duties against several former officers and directors. *Greenland Corp. v. Bonar*, Case No. GIC 842605 (Super. Ct. County of San Diego).

11. Courts have recognized that Johnson Bottini has the experience to handle complex derivative matters. Indeed, in a complicated derivative action entitled *Green Meadows Partners, LLP* v. *Tompkinson*, Case No. SACV 06-91 (C.D. Cal.), the Honorable Cormac Carney appointed Johnson Bottini lead counsel, over competing lead counsel motions, in a case where seven derivative complaints had been filed, noting the firm is "exceptionally qualified and experienced." The district court subsequently approved a settlement agreement that required implementation of several corporate therapeutic changes. Similarly, in *Dislevy v. Sacks,* Case No. ED CV 08-6788 (C.D. Cal.), the Honorable Stephen G. Larson was faced with competing motions for lead counsel over two derivative cases. He concluded that Johnson Bottini has "tremendous attributes" and appointed Johnson Bottini as lead counsel because "they have, in the Court's view, more diligently pursued this particular prosecution."

3

12. The following are just a few other cases where Johnson Bottini is, or was, lead or co-lead counsel in complex shareholder derivative cases:

- *In re Silicon Storage Technology, Inc. Derivative Litig.*, (Santa Clara Superior Court, Case No.1:05cv034387) (co-lead counsel).

- *In re Pacific Capital Bancorp Derivative Litig.*, (Santa Barbara Superior Court, Case No. CIVRS1340306) (Johnson Bottini appointed lead counsel over competing applicant) (case is pending; complaint upheld against demurrer challenging demand futility allegations by Order, dated October 12, 2010).

- *In re the Titan Corp. Derivative Litig.*, (San Diego Superior Court, Case No. GIC 832018) (involving claims for breaches of fiduciary duties that were settled after plaintiffs negotiated $29 million in increased consideration to Titan's shareholders in an all-cash merger acquisition).

- *In re Merrill Lynch Derivative Litig.*, (S.D.N.Y., Case No. 07-CV-9696 LBS) (appointed as one of three members of Executive Committee by order dated March 12, 2008).

- *Kogan v. Robinson,* (S.D. Cal., Case No. 05cv1924) (settled; claims for breaches of fiduciary duties).

- *In re Morgan Stanley Derivative Litig.*, (S.D.N.Y., Case No. 05-CV-6516) (pending; claims for breaches of fiduciary duties).

13. Attorneys at Johnson Bottini are not only skilled in shareholder derivative litigation, but also experienced in litigating in Illinois. Johnson Bottini is currently prosecuting a high-stakes shareholder derivative action against Motorola Inc.'s officers and directors in Illinois state court. I served as a judicial law clerk in this District for the Honorable Suzanne B. Conlon between 2005 and 2006. As a result, my colleagues and I are familiar with this District's local rules and practices. Attached as Exhibit D is a true and correct copy of Johnson Bottini's firm resume.

14. Aside from its substantial experience, Johnson Bottini has the resources and personnel necessary to pursue the derivative claims alleged in *Hopf, Friedman*, and *Mitchell*.

15. In addition, Johnson Bottini has retained The Law Offices of Edward T. Joyce & Associates, PC, a well-established litigation boutique in Chicago, Illinois, to serve as local counsel. Attached as Exhibit E is a true and correct copy of the firm resume.

I further declare under penalty of perjury that the foregoing is true and correct.

Executed on April 22, 2011, at San Diego, California.

s/ Albert Y. Chang<br>Albert Y. Chang

5