# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PLAINTIFF, Derivatively on behalf of Nominal Defendant BROADWIND ENERGY. | )<br>)<br>)<br>) |
| Plaintiff | )<br>) |
| v. | )<br>) |
| DAVID P. REILANDS, CHARLES H. BEYNON, WILLIAM T. FEJES, JR., TERENCE P. FOX, JAMES M. LINDSTROM, J. CAMERON DRECOLL, TONTINE CAPITAL PARTNERS, L.P., TONTINE CAPITAL OVERSEAS MASTER FUND, L.P., TONTINE PARTNERS, L.P., TONTINE OVERSEAS FUND, LTD, and TONTINE 25 OERSEAS MASTER FUND, L.P. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 11 C 1519<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| BROADWIND ENERGY, INC. | )<br>) |
| Nominal Defendants. | ) |

**DECLARATION OF JEFF HOPF
IN SUPPORT OF HIS MOTION FOR
APPOINTMENT OF LEAD PLAINTIFF,
LEAD COUNSEL, AND LIAISON COUNSEL**

In accordance with 28 U.S.C. § 1746, I, Jeffrey Hopf, declare as follows:

1. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to these facts.

2. I reside in Manitowoc, Wisconsin.

3. I currently hold 5,000 shares of Broadwind Energy, Inc. ("Broadwind") common stock and have continuously held Broadwind shares since January 2009.

4. I have been investing in the securities markets for decades and consider myself a knowledgeable investor. I am familiar with reading and understanding corporate financial statements, Securities and Exchange Commission filings, and related corporate documents. I spend a significant amount of time investigating a company prior to making an investment. In making investment decisions, I also draw upon my decades of experience in business development.

5. In February 2011, I contacted Francis A. Bottini, Jr. at Johnson Bottini, LLP and asked him to evaluate potential claims for securities fraud or breaches of fiduciary duties by Broadwind's directors and officers.

6. I discussed with Mr. Bottini about potential claims against the defendants in this action.

7. I reviewed the derivative complaint prior to it being filed and authorized Mr. Bottini to file it on my behalf as a derivative plaintiff pursuing claims on Broadwind's behalf.

8. Since the commencement of my shareholder derivative action, I

have been communicating with attorneys at Johnson Bottini, including Albert Y. Chang, regarding litigation strategy.

9. As stated in my verification to the derivative complaint, I remain ready, willing, and able to pursue this action in hopes of improving Broadwind and recovering damages for Broadwind caused by the individual defendants' conduct. I have discussed the responsibilities of a Lead Plaintiff with Mr. Chang, and I am aware that if I am appointed as Lead Plaintiff, I would be responsible for leading this litigation by not only monitoring the progress of the litigation but also giving direction and input to my counsel. I believe that I can fairly and adequately represent Broadwind's interests and its shareholders in connection with the claims asserted in this lawsuit. I intend to participate in a vigorous prosecution of this lawsuit. I do not have any interests that are adverse to Broadwind.

10. To ensure that I will continue to have standing to pursue these claims, I will continue as a shareholder of Broadwind throughout the duration of this litigation.

I further declare under penalty of perjury that the foregoing is true and correct.

Executed this _11_th Day of April, 2011, at Manitowoc, Wisconsin.

_____
Jeff Hopf

2