UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE MITCHELL, Derivatively on Behalf of Nominal Defendant BROADWIND ENERGY, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID P. REILAND, *et al.*,<br><br>    Defendants,<br><br>and<br><br>BROADWIND ENERGY, INC.,<br><br>    Nominal Defendant. | **Case No. 11-CV-01059** |
| MICHAEL FRIEDMAN, Derivatively on Behalf of Nominal Defendant BROADWIND ENERGY, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>J. CAMERON DRECOLL, *et al.*,<br><br>    Defendants,<br><br>and<br><br>BROADWIND ENERGY, INC.,<br><br>    Nominal Defendant. | **Case No. 11-CV-01313** |

| | |
|---|---|
| JEFFREY HOPF, Derivatively on Behalf of Nominal Defendant BROADWIND ENERGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> PETER C. DUPREY, *et al.*, <br><br> Defendants, <br><br> and <br><br> BROADWIND ENERGY, INC., <br><br> Nominal Defendant. | Case No. 11-CV-01519 |

## JOINT MOTION BY PLAINTIFFS BONNIE MITCHELL AND MICHAEL FRIEDMAN TO CONSOLIDATE RELATED DERIVATIVE ACTIONS AND TO APPOINT CO-LEAD PLAINTIFFS AND LEAD AND LIAISON COUNSEL

Plaintiffs Bonnie Mitchell ("Ms. Mitchell") and Michael Friedman ("Mr. Friedman") respectfully request that this Court: (i) consolidate the related shareholder derivative actions described herein pursuant to Federal Rule of Civil Procedure 42(a); (ii) appoint plaintiffs Ms. Mitchell and Mr. Friedman as Co-Lead Plaintiffs; and (iii) appoint the law firm of Barroway Topaz Kessler Meltzer & Check, LLP ("BTKMC") as Lead Counsel and the law firm of Lasky & Rifkind, Ltd. ("Lasky & Rifkind") as Liaison Counsel, and in support thereof states as follows:

1. On February 15, 2011, Ms. Mitchell filed a complaint instituting a shareholder action (the "*Mitchell* Action") derivatively on behalf of nominal defendant Broadwind Energy, Inc. ("Broadwind" or the "Company") seeking redress for the fiduciary breaches of certain current and former Broadwind directors and officers and its controlling shareholder, whose self-dealing and waste of Company assets in connection with a secondary public offering of Broadwind stock has substantially harmed Broadwind.

2. On February 24, 2011, Plaintiff Michael Friedman instituted a shareholder derivative action, titled *Friedman v. Drecoll, et al.*, No. 11-cv-01313 (the "*Friedman* Action"), challenging the same transactions and occurrences, and based on the same alleged facts, at issue in the *Mitchell* Action.

3. On March 3, 2011, Plaintiff Jeffrey Hopf filed an action titled *Hopf v. Duprey, et al.*, No. 11-cv-01519 (the "*Hopf* Action") also purporting to bring derivative claims on behalf of Broadwind in connection with the same public offering.

4. Consolidation of these actions is appropriate under Federal Rule of Civil Procedure 42(a) because each action involves common questions of law and fact, and the consolidation would avoid unnecessary costs and delay in adjudicating the Company's right to relief. *See* Fed. R. Civ. P. 42(a); *see also Dollens v. Zionts*, No. 01 C 5931, 2001 U.S. Dist. LEXIS 19966, at *6 (N.D. Ill. Dec. 4, 2001).

5. Similarly, in the interests of maintaining the efficiencies achieved through the consolidation of these actions, the consolidation of future shareholder derivative cases challenging the same transactions and occurrences at issue in these actions is likewise appropriate under Rule 42(a). *See Horn v. Raines*, 227 F.R.D. 1, 2 (D.D.C. 2005) ("when consolidation is appropriate, the Court has the discretion to order the consolidation of subsequently-filed or transferred cases that allege similar facts as those alleged in the current shareholder derivative suits.").

6. The appointment of Ms. Mitchell and Mr. Friedman as Co-Lead Plaintiffs is also appropriate, since both have demonstrated their willingness and ability to serve as faithful fiduciaries to Broadwind and Broadwind's other shareholders, by, among other things: undertaking extensive investigations into defendants' wrongdoing; filing well-pled and thorough

complaints setting out defendants' unlawful conduct; and associating with counsel that has the requisite experience and success records to vigorously prosecute this action and agreeing upon an appropriate leadership structure in order to progress the litigation. *See Dollens*, 2001 U.S. Dist. LEXIS 19966, at \*\*18-20 (appointing lead plaintiffs who have demonstrated themselves to be "leaders" of the litigation).

7. Further, this Court should appoint BTKMC as Lead Counsel and Lasky & Rifkind as Liaison Counsel because both firms have track records for successfully prosecuting similarly complex shareholder derivative suits, such that both firms are well-suited to serve the interests of the plaintiffs, other Broadwind shareholders, and the Company.

8. For these reasons, and for the reasons set forth in more detail in the supporting Memorandum of Law filed herewith, Ms. Mitchell and Mr. Friedman respectfully request that this Court grant their Motion.

Dated: April 25, 2011

LASKY & RIFKIND, LTD.

/s/ Norman Rifkind
Leigh Lasky
Norman Rifkind
Amelia S. Newton
Heidi VonderHeide
350 N. LaSalle
Suite 1320
Chicago, IL 60610
Tel: (312) 634-0057
Fax: (312) 634-0059

*Local Counsel for Proposed Lead Plaintiffs Bonnie Mitchell and Michael Friedman and Proposed Liaison Counsel*

BARROWAY TOPAZ KESSLER
  MELTZER & CHECK, LLP
Eric L. Zagar
Robin Winchester
Ligaya Hernandez

280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (267) 948-2512

*Counsel for Proposed Co-Lead Plaintiff
Bonnie Mitchell and Proposed Lead Counsel*

THE SHUMAN LAW FIRM
Kip B. Shuman
Rusty E. Glenn
885 Arapahoe Avenue
Boulder, CO 80303
Tel: (303) 861-3003
Fax: (303) 484-4886

*Counsel for Proposed Co-Lead Plaintiff
Michael Friedman*