IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE MITCHELL and MICHAEL FRIEDMAN, Derivatively on Behalf of Nominal Defendant BROADWIND ENERGY, INC., <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>DAVID P. REILAND, *et al.*, <br><br>　　　　　Defendants, <br><br>　and <br><br>BROADWIND ENERGY, INC. <br><br>　　　　　Nominal Defendant. | Case No. 11-CV-01059 <br><br> Honorable Robert W. Gettleman |

## BROADWIND'S MOTION TO DISMISS

Defendant Broadwind Energy, Inc. ("Broadwind"), by its attorneys, moves the Court pursuant to Federal Rule of Civil Procedure 23.1 to dismiss this action on the following grounds, which are more fully set forth in the accompanying Memorandum of Law:

1. This is a purported shareholder derivative action in which Plaintiffs seek to assert claims on behalf of Broadwind.

2. Federal Rule of Civil Procedure 23.1 requires that a plaintiff in a shareholder derivative suit "state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors . . . and (B) the reasons for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1(b)(3).

3. Plaintiffs did not make the required pre-suit demand on Broadwind's Board of Directors. (Compl. ¶ 62.)

4. In the absence of a demand, Plaintiffs must plead with particularity that demand would have been futile. Fed. R. Civ. P. 23.1. Whether the prerequisite established by Rule 23.1 has been properly satisfied is a question of state substantive law, which is provided by the state of incorporation of the nominal defendant corporation. *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 108-09 (1991).

5. Broadwind is a Delaware corporation. (Compl. ¶ 8.) Under Delaware law, demand is excused only if Plaintiffs show that "under the particularized facts alleged, a reasonable doubt is created that: (1) the directors are disinterested and independent and (2) the challenged transaction was otherwise the product of a valid business judgment." *Aronson v. Lewis*, 437 A.2d 805, 814 (Del. 1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000).

6. Plaintiffs' allegations do not satisfy this exacting standard and are plainly insufficient to excuse demand under Delaware law.

7. Plaintiffs' complaint should be dismissed under Rule 23.1 because Plaintiffs failed to make the required demand and failed to demonstrate demand futility as required by Delaware law.

**WHEREFORE**, Broadwind requests that this Court enter an Order granting its motion to dismiss.

Dated: September 19, 2011

Respectfully submitted,

**/s/ James W. Ducayet**
James W. Ducayet
Kristen R. Seeger
Meredith Jenkins Laval
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for Broadwind Energy, Inc.*

## CERTIFICATE OF SERVICE

I, Meredith Jenkins Laval, one of Nominal Defendant Broadwind Energy, Inc.'s attorneys, hereby certify that on September 19, 2011, service of the foregoing Motion to Dismiss was accomplished pursuant to ECF as to Filing Users and in compliance with L.R. 5.5 as to any party who is not a Filing User or represented by a Filing User.

/s/ Meredith Jenkins Laval
Meredith Jenkins Laval