**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BONNIE MITCHELL and MICHAEL FRIEDMAN, Derivatively on Behalf of Nominal Defendant BROADWIND ENERGY, INC., | ) ) ) ) Case No. 11-CV-01059 |
| Plaintiffs, | ) ) Judge Robert W. Gettleman |
| v. | ) ) Magistrate Judge Arlander Keys |
| DAVID P. REILAND, *et al.*, | ) ) |
| Defendants, | ) ) |
| and | ) ) |
| BROADWIND ENERGY, INC. | ) ) |
| Nominal Defendant. | ) |

## BROADWIND'S MOTION TO STAY DISCOVERY

Nominal defendant Broadwind Energy, Inc. ("Broadwind"), by its attorneys, moves the Court to stay discovery on the following grounds, which are more fully set forth in the accompanying Memorandum of Law:

1. This is a purported shareholder derivative action in which plaintiffs seek to assert claims on behalf of Broadwind.

2. Broadwind has moved to dismiss this action because, *inter alia*, plaintiffs failed to comply with the threshold requirements of Federal Rule of Civil Procedure 23.1 and the substantive demand requirement of Delaware law. *See* Fed. R. Civ. P. 23.1(b)(3); *Starrels v. First Nat'l Bank of Chicago*, 870 F.2d 1168, 1171 (7th Cir. 1989); *Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984); *see also* Dkts. 85-86.

3. Because plaintiffs have not established their right to proceed with this litigation on behalf of the company, discovery should not be permitted for a number of reasons.

4. First, under Delaware law, discovery is not available prior to a ruling on a motion to dismiss for failure to demonstrate demand futility. *Beam v. Stewart*, 845 A.2d 1040, 1056 (Del. 2004); *Brehm v. Eisner*, 746 A.2d 244, 262 n.57 (Del. 2000).

5. Second, federal courts, including this Court, have recognized that the "prevailing view" in shareholder derivative litigation is that "discovery should not be allowed during the pendency of a motion to dismiss." *See, e.g., Piven v. Ryan*, 2006 WL 539186, at *5 (N.D. Ill. Mar. 1, 2006) (Keyes, J.).

6. Finally, a stay of discovery pending a ruling on Broadwind's motion to dismiss would not prejudice plaintiffs, would prevent prejudice to defendants, and would serve the interests of judicial economy.

7. As required by Local Rule 37.2, the parties met and conferred prior to the filing of the Joint Status Report on August 2, 2011, and again on September 8, 2011, but have been unable to reach agreement with respect to the requested relief.

**WHEREFORE**, Broadwind requests that this Court enter an Order granting its motion to stay discovery pending a ruling on its motion to dismiss.

Dated: October 18, 2011

Respectfully submitted,

/s/ James W. Ducayet
James W. Ducayet
Kristen R. Seeger
Meredith Jenkins Laval
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Counsel for Broadwind Energy, Inc.*

## **CERTIFICATE OF SERVICE**

I, Meredith Jenkins Laval, one of Nominal Defendant Broadwind Energy, Inc.'s attorneys, hereby certify that on October 18, 2011, service of the foregoing Motion to Stay Discovery was accomplished pursuant to ECF as to Filing Users and in compliance with L.R. 5.5 as to any party who is not a Filing User or represented by a Filing User.

                                                  /s/ Meredith Jenkins Laval
                                                  Meredith Jenkins Laval