**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BONNIE MITCHELL and MICHAEL FRIEDMAN, Derivatively on Behalf of Nominal Defendant BROADWIND ENERGY, INC., | )<br>)<br>)<br>) Case No. 11-CV-01059<br>) |
| Plaintiffs, | ) Judge Robert W. Gettleman<br>) |
| v. | ) Magistrate Judge Arlander Keys<br>) |
| DAVID P. REILAND, *et al.*, | )<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| BROADWIND ENERGY, INC. | )<br>) |
| Nominal Defendant. | ) |

**BROADWIND'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO STAY DISCOVERY**

Nominal defendant Broadwind Energy, Inc. ("Broadwind" or "the Company")[1] submits this memorandum in support of its motion for a stay of discovery until the Court rules on Broadwind's Motion to Dismiss, which will determine whether plaintiffs have standing even to bring this lawsuit, let alone pursue discovery.[2] The Court has set February 14, 2012, as the ruling date on the motion to dismiss.

This is a purported shareholder derivative action in which plaintiffs seek to bring claims

---

[1] Defendants David P. Reiland, J. Cameron Drecoll, James M. Lindstrom, Charles H. Beynon, William T. Fejes, Jr., Terence P. Fox, Tontine Capital Partners, L.P., Tontine Capital Overseas Master Fund, L.P., Tontine Partners, L.P., Tontine Overseas Fund, Ltd., and Tontine 25 Overseas Master Fund, L.P. join in Broadwind's motion.

[2] Defendants reserve their rights to assert additional grounds to challenge the timing and scope of discovery in this case and in *Brasher, et al. v. Broadwind Energy, Inc.*, et al., 11-cv-991 (N.D. Ill.), a related case before Judge Zagel.

on behalf of and for the benefit of Broadwind. In particular, plaintiffs seek to sue current and former directors, officers, and shareholders on Broadwind's behalf. Broadwind has moved to dismiss this action because, among other things, plaintiffs failed to comply with the threshold requirements of Federal Rule of Civil Procedure 23.1 in that plaintiffs made no demand upon Broadwind's Board of Directors and did not adequately plead that such a demand would be futile. (Dkts. 85-86).

Under settled Delaware law and federal law, including this Court's ruling in *Piven v. Ryan*, 2006 WL 539186 (N.D. Ill. Mar. 1, 2006) (Keyes, J.) (Ex. A), discovery should not proceed in this shareholder derivative action while the Motion is pending. It is a fundamental precept of Delaware and federal law that plaintiffs do not have standing to usurp Broadwind's right to control litigation brought on the Company's behalf before there is a judicial determination that they have complied with the demand requirements of Rule 23.1. As a consequence, plaintiffs may not arrogate to themselves Broadwind's rights as a litigant – including the power to conduct discovery – before Judge Gettleman rules on this threshold issue. Otherwise, plaintiffs would be conferred with, at least temporarily, authority that they may not possess. Moreover, plaintiffs do not and cannot demonstrate any urgent need for discovery at this point. This Court should enter an order providing that all discovery should be stayed until Judge Gettleman rules, which he intends to do shortly.

## BACKGROUND

Plaintiffs filed this suit in February 2011. On June 21, 2011, Judge Gettleman appointed lead plaintiff and lead counsel, and also referred this case to Your Honor for all proceedings related to discovery and settlement. (Dkts. 67-68.) Plaintiffs' Verified Consolidated Shareholder Derivative Complaint ("Complaint") was filed on July 21, 2011, and the parties filed their Joint Status Report on August 2, 2011. (Dkts. 71, 75.) The Joint Status Report

included plaintiffs' position that discovery should proceed immediately, and defendants' position that, consistent with applicable law, discovery should not be permitted until the motion to dismiss is resolved. On September 19, 2011, Broadwind moved to dismiss the Complaint based upon plaintiffs' failure to plead demand futility with particularity as required by Rule 23.1. (Dkts. 85-86.)[3] At a hearing held on September 8, 2011, Judge Gettleman stated that he will rule on the motion to dismiss on February 14, 2012 and set a status hearing for that date. (Dkt. 81.)[4]

Absent a judicial finding that they have properly complied with Rule 23.1, plaintiffs have no right to proceed on the Company's behalf. Despite Judge Gettleman's impending ruling and the caselaw to the contrary, however, Plaintiffs have taken the position that discovery should begin now. Defendant has attempted to reach agreement with plaintiffs on an appropriate discovery stay as required by Local Rule 37.2. The parties met and conferred prior to the filing of the Joint Status Report on August 2, 2011, and Broadwind's counsel similarly attempted to reach an agreement with plaintiffs' counsel before the status hearing on September 8, 2011. Nonetheless and despite defendants' good faith efforts, the parties have been unable to resolve their differences. Thus, Broadwind must seek this Court's assistance to stay discovery during the pendency of the motion to dismiss.

## ARGUMENT

### I. PLAINTIFFS ARE NOT ENTITLED TO DISCOVERY BECAUSE THEY LACK STANDING TO BRING A CLAIM BELONGING TO BROADWIND.

As this Court has noted, the "prevailing view" in shareholder derivative litigation is that "discovery should not be allowed during the pendency of a motion to dismiss." *Piven*, 2006 WL

---

[3] Other defendants also have moved to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) for failure to state a claim. (Dkts. 83-84, 87-88, 89-90.) The February 2012 ruling date is for all such motions.

[4] At that same hearing, Judge Gettleman reiterated that all issues related to discovery were referred to Your Honor, and said he would not consider motions regarding the timing or scope of discovery.

539186, at *5. *See also In re First Bancorp Deriv. Litig.*, 407 F. Supp. 2d 585, 586-87 (S.D.N.Y. 2006) (granting motion to stay discovery prior to ruling on motion to dismiss); *McSparran v. Larson, et al.*, No. 04 C 0041, transcript at 22 (N.D. Ill. Mar. 24, 2005) (Ex. B) (finding discovery inappropriate while motion to dismiss was pending); *Khanna v. Covad Commc'ns Group, Inc.*, 2004 WL 187274, at *5 (Del. Ch. Jan. 23, 2004) (Ex. C) ("the prevailing view [is] that discovery should not be allowed during the pendency of a motion to dismiss a derivative action"). Underlying this rule is a fundamental principle of Delaware law – which applies here because Broadwind is a Delaware corporation – that the "directors, rather than shareholders, manage the business and affairs of the corporation." *Aronson v. Lewis*, 473 A.2d 805, 811 (Del. 1984). This includes the decision whether to bring litigation on behalf of the corporation. *See, e.g., Spiegel v. Buntrock*, 571 A.2d 767, 773 (Del. 1990) ("The decision to bring a law suit or to refrain from litigating a claim on behalf of a corporation is a decision concerning the management of the corporation."). A unique and narrow exception to this rule is a shareholder derivative action, which allows a shareholder to bring suit on behalf of the corporation. *Levine v. Smith*, 591 A.2d 194, 200 (Del. 1991); *Aronson*, 473 A.2d at 811. However, before proceeding with a derivative action a shareholder must satisfy the threshold requirement of establishing her standing to sue – which Plaintiffs have not done. *Beam v. Stewart*, 845 A.2d 1040, 1048 (Del. 2004).

More specifically, derivative actions are "in a distinct class of federal litigation and are governed by a special procedural rule" that requires plaintiffs here to first establish standing before they can usurp authority from Broadwind's Board and assert claims belonging to the Company. *See, e.g., Cottle v. Hilton Hotels Corp.*, 635 F. Supp. 1094, 1096 (N.D. Ill. 1986). In order to have standing to bring a derivative action under Delaware law, plaintiffs must

4

demonstrate either: (a) they have made a demand on the Broadwind Board of Directors that it pursue the corporate claim and the Board wrongfully refused to do so; or (b) plead with particularity that such a demand would be futile. Fed. R. Civ. P. 23.1.; *Beam*, 845 A.2d at 1048. Absent a determination by Judge Gettleman that plaintiffs have met this threshold requirement, they simply lack authority to litigate their claim. *See*, *e.g.*, *Aronson*, 473 A.2d at 811-12 (because "by its very nature the derivative action impinges on the managerial freedom of directors," "the demand requirement…exists at the threshold, first to insure that a stockholder exhausts his intracorporate remedies, and then to provide a safeguard against strike suits"); *Blasband v. Rales*, 971 F.2d 1034, 1048 (3d Cir. 1992) (same); *see also Starrels v. First Nat'l Bank of Chicago*, 870 F.2d 1168, 1171 (7th Cir. 1989) ("the rule that a shareholder must make a demand upon a corporation's directors before initiating a derivative suit, unless such demand would be futile, is more than a mere pleading requirement; it is a *substantive right*") (emphasis supplied).

     A necessary corollary to this fundamental principle is that, until the Court determines that plaintiffs have satisfied the demand requirement and have standing to sue, they lack the authority to cause the corporation to engage in discovery. Delaware law is clear that discovery is not permitted prior to a ruling on a demand futility motion. *See*, *e.g.*, *Beam*, 845 A.2d at 1056 ("In general, derivative plaintiffs are not entitled to discovery in order to demonstrate demand futility."); *Brehm v. Eisner*, 746 A.2d 244, 262 n.57 (Del. 2000) (noting that derivative plaintiffs "are cut off from access to discovery at the pre-suit demand stage of a derivative suit"); *Levine*, 591 A.2d at 208-09 (Del. 1991) (affirming stay of discovery and noting that plaintiff's standing in demand-excused or demand-refused contexts must be determined on the basis of the well-pleaded allegations of the complaint); *Rales v. Blasband*, 634 A.2d 927, 934-35 n.10 (Del. 1993)

(reaffirming *Levine*'s holding that shareholder is not entitled to discovery to assist in compliance with the pleading requirements of Rule 23.1). Numerous federal cases applying Fed. R. Civ. P. 23.1, including from this Court, have also repeatedly upheld this common sense rule of law. *See*, *e.g.*, *Piven*, 2006 WL 539186, at *5 (collecting cases); *In re: Merck & Co., Inc. Sec., Deriv. & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007) ("derivative plaintiffs are required to establish that demand would have been futile at the time they commenced litigation [and a] corollary of this rule is that discovery generally may not be used to supplement allegations of demand futility"); *Amalgamated Bank v. Yost*, 2005 WL 226117, at *5 (E.D. Pa. Jan. 31, 2005) (Ex. D) ("[D]erivative plaintiffs must meet the pleading requirements set forth in Federal Rule 23.1 before causing corporations to expend resources and money in discovery.").

This Court's decision in *Piven*, which also concerned a discovery request in a shareholder derivative action prior to a ruling on a motion to dismiss, is illustrative. In *Piven*, the plaintiff brought a shareholder derivative action on behalf of a corporation to recover damages allegedly caused by its directors and senior officers. Defendants filed a motion to stay or dismiss the complaint on a variety of grounds. While that motion was pending, the plaintiff served requests for production of documents and defendants objected. After full briefing on the issue, this Court denied the plaintiff's motion to compel discovery, holding that,

> [A]t this point, the Court cannot say whether the parties' motives and intentions for proceeding as they have are pure or motivated by some abuse of the derivative action rules – indeed, that is a question for [the District Court] to consider in connection with the defendants' motion to dismiss. Until that question is answered, however, the Court agrees with the defendants that discovery should not be compelled. Once that ship has sailed, it cannot be undone – an important consideration, especially because the motion is already fully briefed and because there appears to be no sense of urgency to the discovery.

2006 WL 539186, at *5. This Court further noted that a stay of discovery is particularly

appropriate when the pending motion to dismiss is "dispositive of the entire complaint." *Id*. Here, Broadwind's motion to dismiss is similarly dispositive of plaintiffs' entire Complaint. And, as discussed below, there is no prejudice and "no sense of urgency" to the discovery. Therefore, as in *Piven* and the other cases cited above, discovery should be stayed until Judge Gettleman rules on the motion to dismiss.

## II. PLAINTIFFS WILL NOT BE PREJUDICED IF DISCOVERY IS STAYED, BUT DEFENDANTS WILL BE HARMED IF DISCOVERY PROCEEDS NOW.

There will be no prejudice to plaintiffs if discovery is stayed until Judge Gettleman rules. The Complaint does not allege any ongoing or immediate harm that would make discovery necessary now – all of the alleged events occurred in 2009 and 2010. Moreover, Judge Gettleman has already set a ruling date of February 14, 2012. There is simply no urgency here. *See Piven,* 2006 WL 539186, at *5.

To the contrary, it is Broadwind and the other defendants who would be harmed if discovery were permitted to go forward at this juncture in the litigation. To compel defendants to bear the expense and disruption of discovery – while a ruling that may very well dismiss the entire action is to be made within months – serves only to impose a substantial burden on defendants that far outweighs any potential utility that discovery at this stage may have. *See Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009) ("[A] defendant should not be burdened with the heavy costs of pretrial discovery that are likely to be incurred in a complex case unless the complaint indicates that the plaintiff's case is a substantial one.") (citation omitted); *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (Ex. E) ("Stays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where, in cases such as this one, discovery may be especially burdensome and costly to the parties."). This is particularly true in

the context of a shareholder derivative action, where the plaintiff purports to be acting not on his or her own behalf, but on behalf of the corporation itself, and therefore assume fiduciary duties to the corporation to avoid imposing unnecessary burden and expense. *See Merck & Co.*, 493 F.3d at 400 ("except in narrow circumstances, directors and officers should not be burdened with engaging in discovery from shareholders who might have no legitimate basis to sue"); *First Bancorp*, 407 F. Supp. 2d at 587 (staying discovery pending motion to dismiss because, *inter alia*, "the very existence of this special rule [Fed. R. Civ. P. 23.1] bears testament to Congress' concern that derivative actions – in which individual shareholders seek, in effect, to speak for the corporation – may often partake of their own special abuses and therefore ought to be subject to early scrutiny by the courts").

As courts have noted, the interests of judicial economy also are served by staying discovery while a dispositive motion is pending. *See, e.g., Morrison v. YTB Int'l, Inc.*, 2010 WL 1931127, at *2 (S.D. Ill. May 13, 2010) (Ex. F) (holding that "economies of resources for the parties and the Court plainly weigh in favor of a stay" in case where dispositive motion was pending); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336-37 (N.D. Ill. 2005) ("Stays are often deemed appropriate where the motion to dismiss can resolve the case" and "are granted with substantial frequency"); *Cottle*, 635 F. Supp. at 1100 n.7 (stating that granting motion to dismiss rendered discovery issue moot). All factors point towards the appropriateness of a stay.

## **CONCLUSION**

For the reasons discussed above, Broadwind respectfully requests that all discovery be stayed pending a ruling on its motion to dismiss.

Date: October 18, 2011

/s/ James W. Ducayet
James W. Ducayet
Kristen R. Seeger
Meredith Jenkins Laval
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Tel: (312) 853-7000

*Counsel for Broadwind Energy, Inc.*

## CERTIFICATE OF SERVICE

I, Meredith Jenkins Laval, one of Nominal Defendant Broadwind Energy, Inc.'s attorneys, hereby certify that on October 18, 2011, service of the foregoing Memorandum in Support of Broadwind's Motion to Stay Discovery was accomplished pursuant to ECF as to Filing Users and in compliance with L.R. 5.5 as to any party who is not a Filing User or represented by a Filing User.

/s/ Meredith Jenkins Laval
Meredith Jenkins Laval