# Exhibit F



Slip Copy, 2010 WL 1931127 (S.D.Ill.)
**(Cite as: 2010 WL 1931127 (S.D.Ill.))**

H
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. Illinois.
Faye MORRISON, et al., individually and on behalf of similarly situated individuals, Plaintiffs,
v.
YTB INTERNATIONAL, INC., et al., Defendants.

Civil Nos. 08-565-GPM, 08-579-GPM, 10-305-GPM.
May 13, 2010.

Christian G. Montroy, Montroy Law Offices, East St. Louis, IL, Brian J. Massimino, Witzel & Kanzler, LLC, St. Louis, MO, for Plaintiffs.

Brian Edward Kaveney, James G. Martin, Jay Summerville, Armstrong Teasdale, St. Louis, MO, for Defendants.

### MEMORANDUM AND ORDER
MURPHY, District Judge.

**\*1** This matter is before the Court on the motion to stay discovery brought by Defendants YTB International, Inc., YourTravelBiz.com, Inc., YTB Travel Network, Inc., YTB Travel Network of Illinois, Inc., J. Lloyd Tomer, J. Scott Tomer, J. Kim Sorensen, Andrew Cauthen, Meridian Land Company, Winfield Development, LLC, CCMP, Inc., Timothy Kaiser, M.D., Clay O. Winfield, and Robert Van Patten (Doc. 132). This case is a putative class action under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.* By order entered April 19, 2010, the Court granted in part and denied in part a motion to dismiss brought by Defendants. In the April 19 order, the Court ruled that Plaintiffs Faye Morrison, Kwame Thompson, Jeffrey Hartman, Polly Hartman, JPH Development, Inc., Grace Perry, and Courtney Speed and the other members of the proposed class who are not Illinois residents cannot maintain claims under the ICFA and dismissed the claims of those Plaintiffs and class members with prejudice. *See Morrison v. YTB Int'l, Inc.,* Civil Nos. 08-565-GPM, 08-579-GPM, 2010 WL 1558712, at ----3-5, \*12 (S.D.Ill. Apr.19, 2010). The Court denied Defendants' request for dismissal of the claims of Plaintiff John Stull. *See id.* at ----5-10, \*12. In view of the Court's determination that this case can proceed, if at all, only as a class action by Stull on behalf of a class of other Illinois residents, the Court ordered the parties to this case to brief the issue of whether the Court is required to abstain from exercising federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332(d)(4)(B). *See id.* at ----10-12. That statute mandates that a federal court abstain from entertaining in diversity jurisdiction a class action in which more than two-thirds of the members of a class or a proposed class are citizens of the state where the class action was filed and all of the primary defendants are citizens of the forum state. *See id.* Defendants now have moved for a stay of discovery in this case pending a ruling by the Court on the issue of abstention.

It is axiomatic that the power to issue a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Jackson v. Van Kampen Series Fund, Inc.,* Nos. 06-cv-944-DRH, 06-cv-994-DRH, 2007 WL 1532090, at \*2 (S.D.Ill. May 24, 2007) (quoting *Landis v. North Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)) (internal citation omitted) (granting a stay of proceedings pending resolution of an appeal to the United States Court of Appeals for the Seventh Circuit in certain separate cases that was likely to be dispositive as to the case in which the stay was under consideration). *See also Kircher v. Putnam Funds Trust,* Nos. 06-cv-939-DRH, 06-cv1001-DRH, 2007 WL 1532116, at \*2 (S.D.Ill. May 24, 2007) (discussing the inherent authority of a court to stay proceedings); *Parthasarathy v. T. Rowe Price Int'l Funds, Inc.,* Nos. 06-cv-943-DRH, 06-cv-1008-DRH, 2007 WL 1532104, at \*2 (S.D.Ill. May 24, 2007) (same). The decision to issue a stay rests within a district court's discretion, subject to the requirement that such discretion be exercised in a manner that is consistent with equity and judicial economy. *See Radio Corp. of Am. v. Igoe,* 217 F.2d 218, 220 (7th Cir.1955) (citing *Landis,* 299 U.S. at 254) (noting the "important distinction ... between the power of a court

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 1931127 (S.D.Ill.)
**(Cite as: 2010 WL 1931127 (S.D.Ill.))**

to stay proceedings pending before it and the propriety of using that power, which calls for a weighing of competing interests and the maintenance of an even balance."); Square D Co. v. Showmen Supplies, Inc., No. 2:06CV426, 2007 WL 1430723, at *2 (N.D.Ind. May 14, 2007) (a district court's discretion to grant a stay must be exercised in a manner consistent "with principles of fairness and judicial economy"); George v. Kraft Foods Global, Inc., No. 06-cv-798-DRH, 2006 WL 3842169, at *1 (S.D.Ill.Dec.22, 2006) (same). Typically, an appropriate exercise of a court's discretion to enter a stay is a situation in which a ruling dispositive of a case is pending either in the case in which a stay is under consideration or in a separate matter. See Texas Indep. Producers & Royalty Owners Ass'n v. EPA, 410 F.3d 964, 980 (7th Cir.2005) (quoting Aetna State Bank v. Altheimer, 430 F.2d 750, 755 (7th Cir.1970)) ("A stay pending the outcome of litigation in another court ... involving the same or controlling issues is an acceptable means of avoiding unnecessary duplication of judicial machinery."); Spano v. Boeing Co., Employee Benefits Plans Comm., No. 06-cv-743-DRH, 2007 WL 2688456, at *2 (S.D.Ill. Sept.10, 2007) (entering a partial stay of proceedings pending resolution of an appeal to the Seventh Circuit Court of Appeals involving an issue central to the case in which the stay was entered); Walker v. Monsanto Co. Pension Plan, 472 F.Supp.2d 1053, 1054-55 (S.D.Ill.2006) (entering a stay pending resolution of a petition for a writ of certiorari from the Supreme Court of the United States in a case likely to be dispositive as to the case in which the stay was sought).

**\*2** Having considered the matter carefully, the Court concludes that the most appropriate exercise of its discretion in this instance is to grant a stay of discovery. It seems to this Court overwhelmingly likely that this case will be dismissed for reasons of abstention, given that under the Court's rulings to date the proposed class consists entirely of residents of Illinois, where this case was filed, as are virtually all of the Defendants, primary or otherwise. See Morrison, 2010 WL 1558712, at ---- 10-12. In view of the extremely high likelihood that this case presently will be dismissed, economies of resources for the parties and the Court plainly weigh in favor of a stay. The Court recognizes that, if this action is dismissed on grounds of abstention, it can be re-filed in state court, where the discovery conducted in this case doubtless will be useful to the parties to any such state-court proceedings. Nevertheless, the rulings made by this Court will be entitled to collateral estoppel effect in any such state-court proceedings, in particular, as already has been discussed, this Court's ruling that the ICFA claims in this case cannot be maintained on behalf of a nationwide class. See Carr v. Tillery, 591 F.3d 909, 916-17 (7th Cir.2010) (a federal court's rulings are issue-preclusive in subsequent state-court proceedings on the same claims); In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig., 333 F.3d 763, 767-69 (7th Cir.2003) (determinations in federal court that a nationwide class action could not be maintained against a manufacturer of sport utility vehicles and a manufacturer of tires for such vehicles was issue-preclusive on the question of certification of a nationwide class on the same claims against the same defendants in state court). If, as seems likely, this case ultimately is dismissed, this Court's determinations about the scope of the proposed class in this case will be issue-preclusive in any proceedings brought in state court on the same claims, and it follows that class counsel will be required to re-think the discovery plan they have employed in this case. More specifically, they will need to tailor their discovery to a new, more limited class consisting solely of Illinois residents. Accordingly, the Court does not believe that a stay of discovery in this case, which has been conducted by counsel for the proposed class on behalf of a nationwide class that the Court has ruled cannot be maintained, will not result in a waste of judicial resources, because discovery in a state-court proceeding will necessarily be on behalf of an Illinois-only class. In sum, having weighed carefully considerations of judicial economy and the interests of the parties, including Defendants' interest in not being put to the expense of responding to discovery on behalf of a nationwide class that, the Court has ruled, cannot be maintained under the ICFA, the Court concludes that a stay of discovery is appropriate in this case.

**\*3** To conclude, Defendants' motion for a stay of discovery (Doc. 132) is **GRANTED.** Discovery in this matter is **STAYED** pending a determination by the Court as to whether it is required to abstain from hearing this case pursuant to 28 U.S.C. § 1332(d)(4)(B).

**IT IS SO ORDERED.**

S.D.Ill.,2010.
Morrison v. YTB Intern., Inc.
Slip Copy, 2010 WL 1931127 (S.D.Ill.)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 1931127 (S.D.Ill.)
**(Cite as: 2010 WL 1931127 (S.D.Ill.))**

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.