**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BONNIE MITCHELL and MICHAEL FRIEDMAN, Derivatively on Behalf of Nominal Defendant BROADWIND ENERGY, INC., | ) ) ) ) Case No. 11-CV-01059 |
| Plaintiff, | ) ) Honorable Robert W. Gettleman |
| v. | ) ) |
| DAVID P. REILAND, *et al.*, | ) ) |
| Defendants, | ) ) |
| and | ) ) |
| BROADWIND ENERGY, INC. | ) ) |
| Nominal Defendant. | ) |

## **BROADWIND'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Defendant Broadwind Energy, Inc. ("Broadwind") respectfully moves for leave to file supplemental authority in support of its Motion to Dismiss filed on September 19, 2011 (Dkt. 85). A copy of the proposed supplemental authority—Judge Zagel's Memorandum Opinion and Order in *Brasher v. Broadwind Energy, Inc.*, 11-cv-00991 (N.D. Ill.)—is attached as Exhibit A hereto. In support of this motion, Broadwind states as follows:

1. On September 13, 2011, plaintiffs in *Brasher* filed an amended complaint (the "Class Action Complaint"), alleging that Broadwind and certain of its current and former officers and directors violated Sections 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by issuing a series of allegedly false and/or misleading statements concerning the Company's financial results, operations, and prospects, including with respect to the same January 2010 offering of Broadwind common stock

(the "Offering") that is the subject of this litigation. The Class Action Complaint also alleged "control person" claims under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a), against the current and former Broadwind directors and officers, as well as Jeffrey Gendell and various Tontine entities. Thus, the Class Action Complaint named many of the same defendants and alleged claims involving the same transaction that is at issue here. On November 18, 2011, Broadwind, the Broadwind directors and officers, and the Tontine-affiliated defendants moved to dismiss the Class Action Complaint.

2. In his decision, Judge Zagel granted in part and denied in part the defendants' motions. In particular, the Court dismissed, with prejudice, all claims against certain officers and directors of Broadwind, including directors David P. Reiland, Charles H. Beynon, William T. Fejes, and Terence P. Fox. (Exhibit A at 18-19.) As Broadwind has previously explained to this Court, those same individuals, along with Peter Duprey (who is not a defendant in either case), comprised the operative Board for purposes of evaluating the critical threshold issue in *this* case—*i.e.,* whether Plaintiffs were excused from making a demand (collectively, the "Demand Board"). (Mem., Dkt. 86 at 5). Judge Zagel also dismissed with prejudice all claims against director James M. Lindstrom, as well as all claims against Mr. Gendell and the various Tontine entities. (Exhibit A at 18-21.) Finally, the Court permitted certain of the claims involving the Offering to proceed against defendant Broadwind and J. Cameron Drecoll. (*Id*. at 34-43.)

3. The dismissal of the securities claims against the Demand Board is relevant to this case in light of the heightened standards for pleading demand futility under Delaware law and Federal Rule of Civil Procedure 23.1. In an effort to satisfy these standards, Plaintiffs have asserted that demand would be futile in part because a majority of the Demand Board "approv[ed] the offering at the behest of Tontine and Drecoll and issu[ed] false, misleading

and/or incomplete statements associated therewith." (Opp., Dkt. 97 at 16.) As Broadwind previously explained, however, to excuse demand on this basis, Plaintiffs must allege particularized facts as to each director demonstrating that there was a "*substantial likelihood*" of personal liability as a result of such conduct. (Reply, Dkt. 102 at 11-13). The dismissal—with prejudice—of the claims in *Brasher* against the Demand Board fatally undermines any such assertion.[1] Indeed, in *Guttman v. Huang*, 823 A.2d 492 (Del. Ch. 2003), the Delaware Chancery Court dismissed a derivative case for failure to allege demand futility, noting that the absence of claims against directors in a related securities case meant that plaintiffs could not meet their burden of establishing a "real threat of liability" as to those directors for demand futility purposes. *Id*. at 504 ("In this respect, it is important to note that none of these five defendants is even named as a defendant in the pending federal securities suits. The complaints in those suits-which were recently dismissed without prejudice for failing to state a claim-were the primary source of information used by the plaintiffs in this action."); *see also Jones ex rel. CSK Auto Corp. v. Jenkins*, 503 F. Supp.2d 1325, 1340 (D. Ariz. 2007) (applying Delaware law and granting motion to dismiss derivative case for failure to plead demand futility; noting that "none of the outside Directors has been named as a defendant in the pending federal securities class action suit," which was "relevant when determining whether Directors face a threat of personal liability"). The same result is required here.

---

[1] Although Judge Zagel permitted certain claims against Mr. Drecoll to proceed, Mr. Drecoll was *not* a member of the Broadwind Board at the time the Complaint was filed, the relevant time for assessing demand futility. (Mem., Dkt. 86 at 5.)

**WHEREFORE,** Broadwind respectfully requests leave to file the supplemental authority attached hereto in support of its motion to dismiss the Complaint.

| | |
|---|---|
| Dated: April 25, 2012 | Respectfully submitted, |
| | **/s/ James W. Ducayet** |
| | James W. Ducayet |
| | Kristen R. Seeger |
| | Meredith Jenkins Laval |
| | SIDLEY AUSTIN LLP |
| | One South Dearborn Street |
| | Chicago, Illinois 60603 |
| | (312) 853-7000 |
| | |
| | *Attorneys for Broadwind Energy, Inc.* |

## **CERTIFICATE OF SERVICE**

I, Meredith Jenkins Laval, one of Nominal Defendant Broadwind Energy, Inc.'s attorneys, hereby certify that on April 25, 2012, service of the foregoing Broadwind's Motion for Leave to File Supplemental Authority was accomplished pursuant to ECF as to Filing Users and in compliance with L.R. 5.5 as to any party who is not a Filing User or represented by a Filing User.

**/s/ Meredith Jenkins Laval**

Meredith Jenkins Laval