UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE MITCHELL and MICHAEL FRIEDMAN, Derivatively on Behalf of Nominal Defendant BROADWIND ENERGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> J. CAMERON DRECOLL, et al., <br><br> Defendants, <br><br> and <br><br> BROADWIND ENERGY, INC., <br><br> Nominal Defendant. | Case No. 11-cv-01059 <br><br> Judge Robert W. Gettleman <br><br> Magistrate Judge Arlander Keys |

## PLAINTIFFS' RESPONSE TO BROADWIND'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

Plaintiffs Bonnie Mitchell and Michael Friedman (collectively, "Plaintiffs") hereby respond to nominal defendant Broadwind Energy, Inc.'s ("Broadwind" or the "Company") Motion for Leave to File Supplemental Authority (Doc. No. 108) and the Tontine Defendants' joinder thereto (Doc. No. 110). In that motion, Broadwind seeks to bring to the Court's attention Judge Zagel's recent decision in the securities class action captioned *Brasher v. Broadwind Energy, Inc.*, No. 11-cv-991 (N.D. Ill.) (Doc No. 88). There, Judge Zagel sustained claims against defendant J. Cameron Drecoll ("Drecoll") and the Company, which allege that the Company intentionally delayed reporting the results of its annual goodwill impairment test "in order to keep stock prices inflated" through a secondary public offering of stock (the "Offering"), wherein the Company, Drecoll and the Tontine Defendants sold millions of shares to investors that were actively being misled.

Notwithstanding that Judge Zagel's opinion *confirms* certain of Plaintiffs' factual allegations and related breach of fiduciary duty claims, Defendants argue that the decision somehow supports the dismissal of this derivative action. More specifically, Defendants argue that because Judge Zagel dismissed the federal securities fraud claims against certain directors, this Court must necessarily dismiss the derivative action which asserts different state law claims because certain directors no longer face a substantial likelihood of liability. The Tontine Defendants argue further that the dismissal of the claim against the Tontine Defendants pursuant to Section 20(a) of the Exchange Act[1] demonstrates that they did not exercise sufficient control over either the Offering or the Company to be held liable for any wrongdoing here.

Defendants' arguments are incorrect in several respects. As a threshold matter, because the Offering constitutes a self-dealing transaction between Tontine, Drecoll and the Company, it is subject to the entire fairness standard of review – an analysis which is nowhere similar to the analysis conducted by the Court in the class action in deciding whether the class plaintiffs adequate pled violations of federal securities laws. Accordingly, the directors' likelihood of being found liable for any wrongful conduct has no bearing on the issue of whether a pre-suit demand is excused under the entire fairness satndard. Rather, demand is excused because the challenged transaction, which defendants have failed to demonstrate was entirely fair to the Company, is not protected by the business judgment rule. *See, e.g., Aronson v. Lewis*, 473 A.2d 805, 814-15 (Del. 1984). Moreover, demand is further excused because a majority of the directors are affiliated with Tontine, an undeniably interested party. *See, e.g., In re Dow Chem.*

---

[1] In order to state a claim under Section 20(a), a plaintiff must allege three things: (1) a primary securities violation; (2) each of the Tontine Defendants exercised general control over the operations of Broadwind; and (3) each of the Tontine Defendants possessed the power or ability to control the specific transaction or activity upon which the primary violation was predicated, whether or not that power was exercised. *See* Brasher Memorandum, Opinion and Order (Doc. No. 108-1 here) at p. 20. The elements necessary to plead a breach of fiduciary claim under Delaware law, as Plaintiffs allege in the derivative action, are certainly not the same as the elements necessary to plead control person liability under Section 20(a) of the federal securities laws.

*Co. Derivative Litig.*, No. 4349-CC, 2010 WL 66769, at *7 n.36 (Del. Ch. Jan. 11, 2010). Again, the standard that this Court will apply in determining demand futility in the derivative action is not the same standard which is applied for determining control person liability under Section 20(a) of the federal securities laws.

Even if the Court were to consider any directors' likelihood of liability, the operative question is not whether such directors are substantially likely to be held liable for committing securities fraud. Rather, the question is whether such directors are substantially likely to be held liable for breaching their fiduciary duties under Delaware law in connection with the Offering, the delayed annual goodwill impairment test, and the failure to disclose impairment charges that were well known to them by the time the Offering took place.

Judge Zagel's opinion, at bottom, finds that the Offering at issue ***did*** occur while material non-public information concerning significant write-downs of the Company's intangible assets was being withheld from investors. *See* Brasher Memorandum, Opinion and Order at pp. 37-39. Indeed, the Court found that "[l]osses of this size do not fall out of the sky. It is difficult to imagine that as late as January 15, 2010, the date Defendants filed their prospectus–less than two months before the write-down was recorded–Defendants did not have knowledge that a substantial write-down in the coming weeks was a certainty." *Id.* at 40. This finding confirms the likelihood of substantial liability; it does not reject it. The individuals named as defendants in this action each possessed a fiduciary duty to ensure the accuracy of the Company's financial disclosures and the adequacy of its internal controls over accounting and financial reporting at the time of the Offering. Yet, under their watch, Tontine received improper financial benefits from the Offering, while at the same time defendants Beynon, Fejes, Fox, as well as non-defendant Duprey, lacked independence from Tontine. These individuals constituted a majority

of the Board at the time Plaintiffs filed this action. Accordingly, Judge Zagel's holdings support, rather than refute, Plaintiffs' allegations regarding the directors' lack of disinterestedness and independence, which are more than sufficient to establish that demand is excused.

Date: May 1, 2012

Respectfully submitted,

**LASKY & RIFKIND, LTD.**

/s/ Norman Rifkind
Leigh Lasky
Norman Rifkind
Amelia S. Newton
Heidi VonderHeide
351 West Hubbard Street, Suite 401
Chicago, IL 60654
Tel: (312) 634-0057
Fax: (312) 634-0059

*Local Counsel Lead Plaintiffs*

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Eric L. Zagar
Robin Winchester
Ligaya T. Hernandez
Justin O. Reilford
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (267) 948-2512

*Counsel for Lead Plaintiffs*

**THE SHUMAN LAW FIRM**
Kip B. Shuman
Rusty E. Glenn
885 Arapahoe Avenue
Boulder, CO 80302
Tel: (303) 861-3003
Fax: (303) 484-4886

*Counsel for Lead Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Norman Rifkind, an attorney for plaintiffs, hereby certify that on May 1, 2012, service of the Plaintiff's Reply to Broadwind's Motion for Leave to File Supplemental Authority was accomplished pursuant to ECF as to Filing Users and in compliance with L.R. 5.5 as to any party who is not a Filing User or represented by a Filing User.

/s/ Norman Rifkind
Norman Rifkind