**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BONNIE MITCHELL and MICHAEL FRIEDMAN, Derivatively on Behalf of Nominal Defendant BROADWIND ENERGY, INC., | )<br>)<br>)<br>) Case No. 11-CV-01059 |
| Plaintiff, | )<br>) Honorable Robert W. Gettleman |
| v. | )<br>) |
| DAVID P. REILAND, *et al.*, | )<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| BROADWIND ENERGY, INC. | )<br>) |
| Nominal Defendant. | ) |

**BROADWIND'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Defendant Broadwind Energy, Inc. ("Broadwind") respectfully submit this reply in support of its Motion for Leave to File Supplemental Authority ("Motion").

1. Plaintiffs' Response ("Response") asserts that Judge Zagel's Memorandum Opinion and Order does not support dismissal of the Complaint here. Defendants will not reiterate the points that have already been addressed in the briefing on the Motion to Dismiss, including Plaintiffs' erroneous claim that the so-called "entire fairness" doctrine applies here (*see* Reply, Dkt. 102 at 2-5), or that the Demand Board was not independent from Tontine (*id*. at 7-8). However, Plaintiffs suggest that the dismissal of the securities fraud claims against the members of the Demand Board is not relevant to their claim that the Demand Board faces a substantial threat of liability for alleged breaches of fiduciary duty. While Plaintiffs do not say so explicitly,

their argument presumably is that a securities fraud claim requires proof of *scienter*, while a breach of fiduciary duty claim requires a lower standard. (*See* Response, Dkt. No. 111, at 3.)

2. This argument ignores the fact that the Company has a charter provision insulating directors from liability for claims based on a failure to exercise due care. (Reply, Dkt. 102 at 9-14) In such cases, Delaware law is clear that as to directors who are "exculpated from liability except for claims based on 'fraudulent,' 'illegal,' or 'bad faith' conduct, a plaintiff must plead particularized facts that demonstrate that the directors acted with *scienter*, *i.e.*, that they had 'actual or constructive knowledge' that their conduct was legally improper." *Wood v. Baum*, 953 A.2d 136, 141, 144 (Del. 2008).

3. Judge Zagel's dismissal, with prejudice, of claims that any member of the Demand Board acted with *scienter* with respect to the Offering or any other conduct alleged in the *Brasher* case therefore precludes a finding of a "substantial likelihood of liability" with respect to the members of the Demand Board in this case.

Dated: May 2, 2012

Respectfully submitted,

**/s/ James W. Ducayet**
James W. Ducayet
Kristen R. Seeger
Meredith Jenkins Laval
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for Broadwind Energy, Inc.*

Case: 1:11-cv-01059 Document #: 112 Filed: 05/02/12 Page 3 of 3 PageID #:1380

## **CERTIFICATE OF SERVICE**

I, Meredith Jenkins Laval, one of Nominal Defendant Broadwind Energy, Inc.'s attorneys, hereby certify that on May 2, 2012, service of the foregoing Broadwind's Reply in Support of Its Motion for Leave to File Supplemental Authority was accomplished pursuant to ECF as to Filing Users and in compliance with L.R. 5.5 as to any party who is not a Filing User or represented by a Filing User.

**/s/ Meredith Jenkins Laval**

Meredith Jenkins Laval