# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BONNIE MITCHELL and MICHAEL FRIEDMAN, Derivatively on Behalf of Nominal Defendant BROADWIND ENERGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID P. REILAND, *et al.*, <br><br> Defendants, <br><br> and <br><br> BROADWIND ENERGY, INC., <br><br> Nominal Defendant. | Case No. 11-CV-01059 <br><br> **ORDER PRELIMINARILY APPROVING SETTLEMENT** |

1

WHEREAS, Plaintiffs Bonnie Mitchell and Michael Friedman ("Plaintiffs") and Broadwind Energy, Inc. ("Broadwind") have made application, pursuant to Federal Rule of Civil Procedure 23.1(c), for an order: (i) preliminarily approving the proposed settlement (the "Settlement") of the above-captioned shareholder derivative action (the "Action") and Plaintiffs' subsequent written litigation demand (the "Demand," and together with the Action, the "Stockholder Derivative Litigation") in accordance with the Stipulation and Agreement of Settlement dated January 10, 2014 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions of the proposed Settlement and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and (ii) approving distribution of the Notice of Proposed Settlement (the "Notice") attached as Exhibit C to the Stipulation;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered the Stipulation and the exhibits annexed thereto and having heard the arguments of the Parties;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for: (i) a proposed Settlement and dismissal of the Action with prejudice as to the Released Persons; and (ii) an award of attorneys' fees and costs to Plaintiffs' Counsel.

2. A hearing (the "Settlement Hearing") shall be held before the Court on April 3, 2014, at 10:00 a.m. at the Everett McKinley Dirksen United States Courthouse, Courtroom 1703,

219 South Dearborn Street, Chicago, Illinois, 60604, to determine: (i) whether the proposed Settlement of the Stockholder Derivative Litigation on the terms and conditions provided for in the Stipulation are fair, reasonable and adequate and in the best interests of Broadwind and Broadwind's stockholders; and (ii) whether the Final Judgment and Order of Dismissal with Prejudice, attached as Exhibit B to the Stipulation (the "Judgment"), should be entered herein.

3. The Court approves, as to form and content, the Notice (attached to the Stipulation as Exhibit C) and finds that the distribution of the Notice substantially in the manner and form set forth in ¶ 3.1 of the Stipulation meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice of the matters set forth therein for all purposes to all Persons entitled to such notice.

4. Not later than ten (10) business days following entry of this Order, Broadwind shall cause the Stipulation and Notice substantially in the form attached as Exhibit C to the Stipulation to be filed with the Securities and Exchange Commission on Form 8-K, publish the Notice once in *Investor's Business Daily*, and post the Notice and Stipulation on the "Investors" section of Broadwind's website under "SEC Filings". All costs incurred in the filing and publication of the Notice shall be paid by Broadwind, and Broadwind shall undertake all administrative responsibility for filing and publication of the Notice.

5. At least fourteen (14) calendar days prior to the Settlement Hearing, Broadwind's counsel shall serve on Plaintiffs' Counsel and file with the Court proof, by affidavit or declaration, of such filing and publication of the Notice.

6. All Broadwind stockholders shall be bound by all orders, determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Broadwind stockholders.

7. Pending final determination of whether the Settlement should be approved, no Broadwind stockholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

8. All papers in support of the Settlement and the Fee and Expense Award shall be filed with the Court and served at least twenty-one (21) calendar days prior to the Settlement Hearing. The parties shall file with the Court and serve responses to any objections filed pursuant to ¶ 9 below at least seven (7) calendar days prior to the Settlement Hearing.

9. Any Broadwind stockholder who owned Broadwind common stock as of January 10, 2014 ("Current Broadwind Stockholder") may appear and show cause, if he, she or it has any reason why: the terms and conditions of the proposed Settlement should not be approved as fair, reasonable and adequate; the proposed Judgment should not be entered thereon; or the Fee and Expense Award should not be approved; provided, however, that unless otherwise ordered by the Court, no Current Broadwind Stockholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the proposed Settlement, the Fee and Expense Award to be awarded to Plaintiffs' Counsel, or, if approved, the Judgment to be entered thereon approving the same, unless that Current Broadwind Stockholder has, at least fourteen (14) calendar days prior to the Settlement Hearing, filed with the Clerk of the Court and delivered to the following counsel (delivered by hand or sent by first class mail) (1) a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of current ownership of Broadwind

common stock, including the number of shares of Broadwind common stock owned and the date of purchase; and (c) any documentation in support of such objection; and (2) if a Current Broadwind Stockholder intends to appear and requests to be heard at the Settlement Hearing, such stockholder must have filed with the Clerk of the Court and delivered to the following counsel (delivered by hand or sent by first class mail), in addition to the requirements of (1) above, (a) a written notice of such stockholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony, signed as authorized by the objecting stockholder, and copies of any papers and briefs in support thereof:

    Robin Winchester
    KESSLER TOPAZ MELTZER & CHECK, LLP
    280 King of Prussia Road
    Radnor, PA 19087

    *Counsel for Plaintiffs*

    Kristen R. Seeger
    SIDLEY AUSTIN LLP
    One South Dearborn Street
    Chicago, IL 60603

    *Counsel for Nominal Defendant Broadwind Energy, Inc.*

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall be delivered by hand or sent by first class mail to:

    CLERK OF THE COURT
    Re: *Mitchell v. Reiland*, No. 11-cv-01059
    Everett McKinley Dirksen United States Courthouse
    219 South Dearborn Street
    Chicago, IL 60604

Any Current Broadwind Stockholder who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation and to the Fee and Expense Award, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

10. The provisions contained in the Stipulation (including any exhibits attached hereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Stockholder Derivative Litigation or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Stockholder Derivative Litigation or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement. The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. All proceedings in the Action, other than as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended pending final determination of whether the Settlement provided for in the Stipulation shall be approved.

12. Pending the Effective Date of the Stipulation or the termination of the Stipulation according to its terms, Plaintiffs and their Related Persons are barred and enjoined from

commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any Released Person.

13. The Court may adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Broadwind stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

14. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Broadwind stockholders.

IT IS SO ORDERED.

DATED: FEB. 3, 2014

_____
THE HONORABLE ROBERT W. GETTLEMAN