UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE MITCHELL and MICHAEL FRIEDMAN, Derivatively on Behalf of Nominal Defendant BROADWIND ENERGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID P. REILAND, *et al.*, <br><br> Defendants, <br><br> and <br><br> BROADWIND ENERGY, INC., <br><br> Nominal Defendant. | **Case No. 11-CV-01059** <br><br> **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This Court having considered the Stipulation and Agreement of Settlement dated as of January 10, 2014, including all exhibits thereto (the "Stipulation"), between (i) plaintiffs Bonnie Mitchell and Michael Friedman ("Plaintiffs"), on behalf of themselves and derivatively on behalf of Broadwind Energy, Inc. ("Broadwind" or the "Company"), and (ii) nominal defendant Broadwind; and having held a hearing on April 3, 2014; and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates herein and makes a part hereof the Stipulation, including the exhibits thereto. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Stockholder Derivative Litigation, including all matters necessary to effectuate the Settlement, and over all Parties.

3. The record shows that Notice has been given to Broadwind's stockholders in the manner approved by the Court in its Preliminary Approval Order (Docket No. 127). The Court finds that such Notice (i) constitutes reasonable and the best notice practicable under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise all Broadwind stockholders who could reasonably be identified of the pendency of the Stockholder Derivative Litigation, the terms of the Settlement, and Current Broadwind Stockholders' right to object to and to appear at the settlement fairness hearing held on April 3, 2014 (the "Settlement Hearing"); (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice in accordance with Federal Rule of Civil Procedure 23.1(c); and (iv) meets the requirements of due process.

4. In light of the benefits to the Company, the complexity, expense and possible duration of further litigation against the Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the

Settlement, pursuant to Federal Rule of Civil Procedure 23.1(c), as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of Plaintiffs, Broadwind, and Broadwind's stockholders. The Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Broadwind, Broadwind's stockholders, and Defendants. The Court has considered any submitted objections to the Settlement and hereby overrules them.

5. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation. In addition, the Parties are authorized to agree to and adopt such amendments and modifications to the Stipulation, or any exhibits attached thereto, to effectuate the Settlement if they (i) are consistent in all material respects with this Judgment, and (ii) do not limit the rights of Broadwind's stockholders in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

6. The Action is hereby dismissed in its entirety as to the Defendants, with prejudice, and without costs to any party to the Action except as otherwise provided in the Stipulation. The parties to the Action are to bear their own costs, except as otherwise provided in the Stipulation.

7. The Court finds that during the course of the litigation the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and particularly with Rule 11(b) of the Federal Rules of Civil Procedure.

8. Upon the Effective Date of the Settlement (as defined in Paragraph 1.6 of the Stipulation), Broadwind, Plaintiffs (acting on their own behalf and derivatively on behalf of Broadwind), and each of Broadwind's stockholders (solely in their capacity as Broadwind stockholders) shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all claims arising out of, relating to, or in connection with, the

defense, settlement or resolution of the Stockholder Derivative Litigation against the Released Persons.

9. Upon the Effective Date of the Settlement (as defined in Paragraph 1.6 of the Stipulation), each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of Broadwind, Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Stockholder Derivative Litigation or the Released Claims.

10. The provisions contained in the Stipulation (including any exhibits attached thereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Stockholder Derivative Litigation or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Stockholder Derivative Litigation or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement. The Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. The Court hereby approves the Fee and Expense Award in accordance with the Stipulation.

12. Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement and interpretation of the Stipulation, the Settlement, and of this Judgment, to protect and effectuate this Judgment, and for any other necessary purpose. Plaintiffs, Defendants and each Broadwind stockholder are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of the

Court for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement or the Stipulation, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action or proceeding. Solely for purposes of any such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, Plaintiffs, Defendants and each Broadwind stockholder are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.

13.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be vacated, and all Orders entered and releases delivered in connection with the Stipulation and this Judgment shall be null and void, except as otherwise provided for in the Stipulation.

14.  This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: April 3, 2014

_____
THE HONORABLE ROBERT W. GETTLEMAN